# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROMAN OSADCHUK, et al. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | NO. 15-00024 |
| CITIMORTGAGE, et al. | : | |

## MEMORANDUM

**KEARNEY, J.**                                                                                           **August 12, 2015**

      Plaintiffs seeking recovery must demonstrate their case belongs here rather than another district court.  Residents of Cape May County, New Jersey claiming damages under federal and New Jersey law against a New Jersey law firm and New Jersey mortgagee arising from an allegedly improper foreclosure action filed in the New Jersey state court relating to New Jersey real estate and debt collection activities in New Jersey cannot establish venue here unless they show general or specific personal jurisdiction over the law firm and mortgagee in this District under 28 U.S.C. §1391(b)(1).  After this Court specifically notified Plaintiffs to plead appropriate venue within the confines of Fed.R.Civ.P. 11, and after Defendants moved to dismiss under Fed.R.Civ.P. 12(b)(3) or transfer venue under 28 U.S.C. §1406(a), Plaintiffs failed to do so.  As the New Jersey residents cannot establish personal jurisdiction in this District over the law firm and mortgagee and all of the alleged conduct occurred in New Jersey, we transfer venue to the District of New Jersey in the accompanying Order.

I.   Facts

On January 29, 2003, New Jersey residents Roman Osadchuk and Roseann Osadchuk (collectively "Plaintiffs") granted CitiMortgage, Inc. ("Citi") a mortgage on Plaintiffs' New Jersey property.[1] Plaintiffs subsequently defaulted on their debt obligation. Plaintiffs and Citi agreed to renegotiate the mortgage. During negotiations, Citi, through its New Jersey lawyers Fein, Such, Kahn, & Shepard, P.C. ("FSKS") filed a foreclosure action against Plaintiffs in New Jersey Superior Court.  Before the New Jersey state court ruled on cross motions for summary judgment, Plaintiffs filed this action claiming Citi violated the terms of their debt renegotiation and both Defendants acted in concert to violate, *inter alia*, the Fair Debt Collection Practices Act and the New Jersey Consumer Fraud Act.

II.   Analysis

Citi and FSKS claim venue is not proper. After Citi and FSKS filed motions to dismiss asserting lack of venue, Plaintiffs could have filed a Second Amended Complaint identifying venue in 1) a judicial district in which either Citi or FSKS resides, if both "are residents of the State in which the district is located;" or 2) "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1391(b)(1)-(2).  Instead, Plaintiffs persisted in pursuing an Amended Complaint in this District.

---

[1] In their Opposition, Plaintiffs assert they are part-time Philadelphia residents who also work in Philadelphia at times. Their Amended Complaint does not plead any such connection and Plaintiffs elected not to file a Second Amended Complaint after this Court granted leave to address venue. (ECF Doc No. 26).  In any event, Plaintiffs' alleged part-time Philadelphia connection is immaterial to our venue analysis.

### A. Venue is not appropriate under the residency test of § 1391(b)(1).

Venue is proper in a district where "any defendant resides, if all defendants are residents of the State in which the district is located." 28 U.S.C.A. § 1391(b)(1). Plaintiffs' full or part-time residence is not relevant to this inquiry. *Al-Ghena Intern. Corp. v. Radwan*, 957 F.Supp.2d 511, 520 (D.N.J. 2013). For the purposes of venue, Citi and FSKS reside in any judicial district where they are subject to the court's personal jurisdiction. 28 U.S.C. § 1391(c)(2).

#### *Citi and FSKS are not subject to this Court's general personal jurisdiction.*

Citi's principal place of business is in Missouri and is incorporated under the laws of Delaware, making it a resident of Missouri and Delaware under 28 U.S.C. § 1391(c)(2). *See Estate of Antonious v. Yonex Corp. USA*, No.08-3501, 2009 WL 1346617 (D.N.J. May 13, 2009) ("a corporation is said to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced.") Citi does business in many states. Citi does not maintain a physical presence in the Eastern District of Pennsylvania but relies on a registered agent in Harrisburg, Pennsylvania, in the Middle District. (ECF Doc. No. 9-4, p. 2). FSKS' principal place of business is in New Jersey, and is incorporated in New York, making it a resident of both states for the purposes of § 1391(c)(2). FSKS does not have a physical presence in this District, maintaining a location solely in Parsippany, New Jersey. (ECF Doc. No. 19, ¶ 8).

We next consider whether we can exercise general jurisdiction over Citi or FSKS consistent with the Due Process Clause of the Fourteenth Amendment. The operative standard is whether Citi's and FSKS' "affiliations with the State are so continuous and systematic as to render [them] essentially at home" in Pennsylvania. *Chavez v. Dole Food Company,* No. 13-4144, 2015 U.S. App. LEXIS 14027, *20 (3d Cir. Aug. 11, 2015) (quoting *Daimler AG v. Bauman*, __U.S. __, 134 S.Ct. 746, 761 (2014)); *Farber v. Tennant Truck Lines, Inc.*, No. 14-

5028, 2015 WL 518254 at *9 (E.D.Pa. 2015) (citing *Daimler AG v. Bauman*, 134 S.Ct. 746, 761 (2014)). National businesses are not at home in every state. *Chavez,* at *21 (citing *Goodyear Dunlop Tires Operations, S.A. v. Brown,* 564 U.S. __, 131 S.Ct. 2846, 2855-56 (2011)). Contacts with Pennsylvania which form only a part of multi-state or worldwide activities do not render a defendant "at home" here. *Chavez, supra; McCann v. Sandals Resorts International, Ltd.*, No. 14-2208, 2015 WL 619636 (E.D.Pa. Feb. 11, 2015).

Neither Citi nor FSKS is incorporated or has a principal place of business in Pennsylvania. While they may engage in business in this District, there is no basis to find their conduct, even if it were substantial, continuous and systematic, would render them at home here. *Farber*, 2015 WL 518254 at *10 (quoting *Sonera Holding B.V. v. Cukurova Holding A.S.*, 750 F.3d 221, 226 (2d Cir.) (per curiam) (quoting *Daimler*, 134 S.Ct. at 761), *cert denied,* 134 S.Ct. 2888 (2014)). Absent any showing from Plaintiffs after two attempts at pleading venue, we cannot find general personal jurisdiction over Citi and FSKS.

### *Citi and FSKS are not subject to this Court's specific personal jurisdiction.*

Alternatively, this Court may be the proper venue under § 1391(b)(2) if Plaintiffs can demonstrate specific personal jurisdiction in this District over Citi and FSKS. Specific jurisdiction exists when "the basis of 'plaintiff's claim is related to or arises out of the defendant's contacts.'" *Bragg v. Linden Research, Inc.*, 487 F. Supp. 2d 593, 597 (E.D. Pa. 2007) (citing *Pennzoil Products Co. v. Colelli & Assoc., Inc.*, 149 F.3d 197, 201 (3d Cir. 1998)). Under the traditional analysis, a court engages in a two-prong review to find specific jurisdiction. *See Vetrotex Certainteed Corp. v. Consol. Fiber Glass Prods. Co.*, 75 F.3d 147, 150 (3d Cir. 1996). "First, the defendant must have made constitutionally sufficient 'minimum contacts' with the forum. . . . Second, if 'minimum contacts' are shown, jurisdiction may be exercised where

4

the court determines, in its discretion, that to do so would comport with 'traditional notions of fair play and substantial justice.'" *Id.* (citations omitted). Minimum contacts exist where the defendant has "purposefully directed his activities toward residents of the forum" and the litigation results from "alleged injuries that arise out of or relate to those activities." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1984) (internal quotations omitted).

The New Jersey Plaintiffs' claims arise from Citi's and FSKS' filing a foreclosure complaint in New Jersey, and related debt collection activity, regarding a mortgage in New Jersey. Plaintiffs cite no connection to this District other than Defendants do business here and Plaintiffs may work or reside part-time in this District. These factors are immaterial to our jurisdictional analysis. Each pled claim focuses on alleged misconduct relating to a mortgage on a New Jersey property by a New Jersey law firm and mortgagee and all state claims arise under New Jersey law. Plaintiffs cannot establish the specific jurisdiction to meet § 1391's residency test for venue.

### B. Venue is not appropriate under the substantial nexus tests of § 1391(b)(2).

Plaintiffs could also demonstrate proper venue if "… a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated …" 28 U.S.C. § 1391(b)(2). "The test for determining venue is not the defendant's 'contacts' with a particular district, but rather the location of 'those events or omissions giving rise to the claim.'" *Cottman Transmission Sys., Inc. v. Martino*, 36 F.3d 291, 294 (3d Cir. 1994). Neither side disputes "substantial part of property that is the subject of the action" is located in New Jersey. Citi, through FSKS, filed its foreclosure action against Plaintiffs in New Jersey state court in Cape May County, New Jersey. *See CitiMortgage, Inc. v. Osadchuk*, Doc. No. CPM F-010695-14 ("Foreclosure Action").

5

No "substantial part of the event or omission" took place in the Eastern District of Pennsylvania, negating venue in this Court under § 1391(b)(2). All relevant events took place in New Jersey. Not until Plaintiffs filed this action did any events pertaining to this case cross the Delaware River. The only apparent connection to this District is the location of Plaintiffs' counsel's office and, as now argued in their Opposition, Plaintiffs also claim to reside part-time and work in this District. Unlike Plaintiffs' cited authorities, there is no alleged actionable conduct in this District. Plaintiffs being affected by the alleged harm when they come to this District is not sufficient to establish venue. Otherwise, Plaintiffs could argue for venue in any number of states where they may travel and be affected by the harm. Under a plain reading of the statute, Plaintiffs do not meet the venue requirements of § 1391(b)(2).

      C.     **Transfer to the District of New Jersey is warranted.**

Rather than grant Citi's motion to dismiss under Fed.R.Civ.P. 12(b)(3), we will transfer venue to the District of New Jersey. Transfer of venue to another district court in which the action could originally have been brought is the preferred remedy when the Plaintiffs cannot establish venue in this District but can in another District. "The language of § 1406(a) is amply broad enough to authorize the transfer of cases … whether the court in which it was filed had personal jurisdiction or not." *United States v. Berkowitz*, 328 F.2d 358, 361 (3d Cir. 1964); *Telesis Mergers & Acquisitions v. Atlantis Federal*, 918 F.Supp. 823, 835 (D.N.J. 1996) (interests of justice dictate transfer under § 1406(a) rather than dismissal for lack of personal jurisdiction). "The decision whether to transfer an action rests in the sound discretion of the trial court." *Plum Tree, Inc., v. Stockment*, 488 F.2d 754, 756 (3d Cir. 1973).

When venue is inappropriately laid in this District, § 1406(a) provides in pertinent part:

> The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

28 U.S.C § 1406(a).

### a. The District of New Jersey has personal jurisdiction over Citi and FSKS.

Citi and FSKS are subject to personal jurisdiction in the District of New Jersey because both admittedly have minimum contacts with New Jersey. "Specific jurisdiction arises when the plaintiff's "claim is related to or arises out of the defendant's contacts with the forum." *Dollar Sav. Bank v. First Sec. Bank,* 746 F.2d 208, 211 (3d Cir.1984). "In such a case, the court may go forward if it is satisfied that the relationship among the defendant, the cause of action, and the forum falls within the 'minimum contacts' framework first announced in *International Shoe Co. v. Washington,* 326 U.S. 310 (1945)." *Mellon Bank (E.) PSFS, Nat. Ass'n v. Farino*, 960 F.2d 1217, 1221 (3d Cir. 1992).

Citi and FSKS have sufficient "minimum contacts" with New Jersey to subject them to jurisdiction there. The property and all issues related to Plaintiffs' claims, including the first filed Foreclosure Action filed by Citi and FSKS in New Jersey state court subjects them to specific personal jurisdiction there.

### b. The District of New Jersey is an appropriate venue for this case.

A "substantial part of the acts or omissions" and a "substantial part of the property" at the heart of this suit is in New Jersey. *See* 28 U.S.C. § 1391(b)(2). Accordingly, New Jersey is the proper venue. This Court has the authority to transfer the present case, despite not having jurisdiction, pursuant to *Berkowitz, supra*, and chooses to transfer, not dismiss, because transfer is in the interests of justice. *See* § 1406(a). The case may be transferred to a district where the suit "could have been brought," and doing so will save parties time and money. Because the

District of New Jersey has personal jurisdiction over Citi and FSKS, the property is in New Jersey, and a "substantial part of the acts or omissions" took place in New Jersey, venue in the District of New Jersey is appropriate pursuant to § 1391(b)(2).

We transfer this case to the District of New Jersey under § 1406(a) in the accompanying Order as this action could have been brought there in the first place, and the Eastern District of Pennsylvania is an inappropriate venue.