IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| ROMAN P. OSADCHUK et al., <br><br> Plaintiffs, <br><br> v. <br><br> CITIMORTGAGE, INC., et al., <br><br> Defendants. | Civil No. 15-6961 (RMB/AMD) <br><br> **MEMORANDUM ORDER** |

    This matter comes before the Court on its own motion.  On October 15, 2015, defendant Fein, Such, Kahn & Shepard, P.C. ("Defendant Fein, Such") filed a Motion to Dismiss for Failure to State a Claim. [Docket No. 35].  The Court administratively terminated the motion because Defendant Fein, Such failed to comply with this Court's Individual Rules and Procedures. [Docket No. 36].

    On October 20, 2015, co-defendant CitiMortgage, Inc. ("Defendant Citi") filed a pre-motion conference letter in compliance with this Court's Rules and Procedures.  [Docket No. 37].  On October 23, 2015, Defendant Fein, Such filed a pre-motion conference letter.  [Docket No. 38].

    On October 26, 2015, plaintiffs Roman P. Osadchuk and Roseann P. Osadchuk ("Plaintiffs") filed a one-page response to

Citi's letter. [Docket No. 39]. Plaintiffs' persiflage is not helpful; it demeans this Court's Rules and Procedures. The Court established its Rules and Procedures "in an effort to resolve cases expeditiously" and with a view towards bringing clarity and focus to the claims and issues at hand. Plaintiffs' letter is not only void of any legal analysis but states that "[i]t is likely Plaintiffs will request leave of court to file an amended complaint to incorporate New Jersey law." [Docket No. 39]. As this case was filed almost ten months ago, and has been amended once [Docket No. 19], the reason for the delay is unclear.

Accordingly,

IT IS ON THIS **27th** day of **October** **2015**, **ORDERED** as follows:

1. Plaintiffs shall, within 5 business days of this Order, file a response to Defendant Citi's pre-motion letter that addresses each claim with a cogent legal analysis.

2. Plaintiffs shall also address in their submission (in one additional page) why this matter is not barred by the Entire Controversy Doctrine. See Coleman v. Chase Home Fin., LLC, 2009 WL 3806417 (D.N.J. Nov. 10, 2009), aff'd, 446 F.App'x. 469 (3d. Cir. 2011).

s/Renée Marie Bumb<br>
RENÉE MARIE BUMB<br>
United States District Judge